UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KELVIN FRAZIER,

      Petitioner,

v.                                          Case No.: 2:20-cv-729-FtM-38MRM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.
_____/

**OPINION AND ORDER**[1]

    This matter comes before the Court on Petitioner Kelvin Frazier's Petition for Writ of Habeas Corpus filed Under 28 U.S.C. § 2254 on September 21, 2020. (Doc. 1, Petition). Petitioner, who is incarcerated within the Florida Department of Corrections, challenges his underlying state court conviction entered by the Twentieth Judicial Circuit, Collier County Florida (case no. 85-CF-193). Doc. 1 at 1. Petitioner is serving a life sentence with a minimum mandatory of twenty-five years for his September 26, 1985 plea-based conviction for first degree murder.

    Upon initial review, it appeared Petitioner, who was sixteen years old at the time of the offense, was challenging a resentencing ordered by the Second District Court of Appeal on January 20, 2017, given *Miller v. Alabama*, 132 S. Ct. 2455 (2012) and *Falcon v. State*, 162 So. 3d 954 (Fla. 2015). The state court docket reveals that on July 31, 2018,

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

the circuit court granted the State's motion to cancel Petitioner's resentencing finding it was divested of jurisdiction due to the intervening case of State v. Michel, 257 So. 3d 3 (2018).[2] https://cms.collierclerk.com/CMSWeb/#!/casedetails. Because Petitioner was not resentenced and challenges the same conviction, the Court finds the Petition is successive. Osborne v. Sec'y, Fla. Dep't of Corr., 968 F. 3d 1261, 1266 (11th Cir. 2020).

The Court's records reveal that Petitioner filed a 28 U.S.C. § 2254 petition attacking the same conviction he attacks herein, which was dismissed with prejudice on May 2, 2013 as untimely. See Case No. 2:11-cv-551-UA-SPC. Petitioner has not indicated he has obtained leave from the Eleventh Circuit Court of Appeals to file a successive petition. See 28 U.S.C. § 2244(b); Rules Governing Section 2254 Cases in The United States District Courts, R. 9. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." Pavon v. Attorney Gen. Fla., No. 17-10508, 2018 WL 1733232, at *1 (11th Cir. Apr. 10, 2018) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)); see also Selden v. Warren, No. 19-10893 (11th Cir. April 3, 2020)(affirming dismissal by district court for lack of jurisdiction because petition was successive). The Court recognizes that the term "second or successive" is not self-defining and not all habeas applications filed after the first filed habeas are *per se* successive. Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007); Stewart v. United States, 646 F.3d 856, 860 (11th Cir. 2011). Having reviewed the Petition, the Court finds

---

[2] At the time of the circuit court's ruling, the Florida Supreme Court in *Michel* was not yet final. *Michel* retracted from the holding in Atwell v. State, 197 So. 3d 1040 (Fla. 2016) and held that juvenile offenders' sentences of life with the possibility of parole after 25 years do not violate the 8th Amendment as delineated in *Miller*, Graham v. Florida, 560 U.S. 48 (2010) and Virginia v. LeBlanc, 137 S. Ct. 1726 (2017). Thus, juvenile offenders are not entitled to resentencing under § 921.1402 Fla. Stat.

Petitioner has asserted no facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive." *Stewart* at 863.

This case will be dismissed without prejudice to allow Petitioner the opportunity to first seek authorization from the Eleventh Circuit Court of Appeals should he wish to lodge a second challenge to his incarceration. Petitioner should be aware that § 2244(b) (2) limits the circumstances under which the Court of Appeals will authorize filing a second or successive habeas corpus petition. Furthermore, 28 U.S.C. § 2244(d) imposes a time limitation on filing a habeas corpus petition. In seeking relief in the Court of Appeals, Petitioner should be cognizant of both these provisions.[3]

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition (Doc. 1) is **DISMISSED as successive**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgement, close this case, and send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of September 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[3] A certificate of appealability (COA), typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition. *See* 28 U.S.C. § 2253(c); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (*per curiam*).